FILED - KZ

1:11-cv-736 Case 1:10-cr-00161-PLM Doc #92 Filed 07/21/11 Page 1 of 38 Page ID#196

July 18, 2011 1:12 PM

Paul L. Maloney, Chief Judge
United States District Court

TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
bd ___ / ___ Scanned by _____

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
## SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District *Western Dist. of Michigan* |
|---|---|
| Name (under which you were convicted): *Federico Zavala-Quezada* | Docket or Case No.: *1:01-CR-00161-PLM* |
| Place of Confinement: *Kalamazoo Michigan* | Prisoner No.: *14859-040* |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) *Federico Zavala-Quezade* |
|  | v. |

### MOTION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging: *Western District of Michigan - United States Dist Court Southern Division Kalamazoo, Michigan*

    (b) Criminal docket or case number (if you know): *1:01-CR-00161-PLM-1*

2.  (a) Date of the judgment of conviction (if you know): _____

    (b) Date of sentencing: _____

3.  Length of sentence: *135 months*

4.  Nature of crime (all counts): *Title 21: 841(a)(b) Leadership Role in Conspiracy To Distribute 600 LBS of Marijuana And $65,000 in Cash.*

5.  (a) What was your plea? (Check one)     *with objection*

    (1) Not guilty ☐     (2) Guilty ☒     (3) Nolo contendere (no contest) ☐

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? _____ *(To All)*

6.  If you went to trial, what kind of trial did you have? (Check one)     Jury ☐     Judge only ☐

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ❑     No ☑

8.  Did you appeal from the judgment of conviction?     Yes ❑     No ☑

9.  If you did appeal, answer the following:

(a) Name of court: _____

(b) Docket or case number (if you know): _____

(c) Result: _____

(d) Date of result (if you know): _____

(e) Citation to the case (if you know): _____

(f) Grounds raised: _____

_____

_____

_____

_____

_____

_____

(g) Did you file a petition for certiorari in the United States Supreme Court?     Yes ❑     No ☑

If "Yes," answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes ❑     No ☑

11. If your answer to Question 10 was "Yes," give the following information:

(a)  (1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or
application?    Yes ❑  No ❑

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or
application?    Yes ❑  No ❑

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your
motion, petition, or application?

(1)  First petition:      Yes ❑   No ❑

(2)  Second petition:    Yes ❑   No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly
why you did not: _____

_____

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the
Constitution, laws, or treaties of the United States. Attach additional pages if you have more
than four grounds. State the facts supporting each ground.

GROUND ONE: Defendant WAS NOT COULD NOT be Leader
And Counsel FAiled To Defend or object to This Accusation

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

* Defendant WAS NOT Leader - HAd limited Ability -
Defendant could NOT read, write, speak english, count, or Negotiate
Defendant was A Laborer (Drywall) only paid To TApe packages
* Defendant HAd No contacts, No TransportATion, No residence, No money
Co-Defendant's HAd Language, Money, Transportation owned House Neg.
Co-Defendant Admitted To "setting up" Defendant - To witness A
Counsel Advised Defendant NoT To report The Threat of Family
Counsel FAiled To bring witness Polomeros To court
Counsel FAiled To educate or Advise Client - No discovery
Co-Defendants "skipped Bond" - Then Prosecution Moved Leadership To Df.
** Defendant "watched" And "TAped" packages - could NOT Be The Leader

(b) Direct Appeal of Ground One:
   (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐   No ☒
   (2) If you did not raise this issue in your direct appeal, explain why: Did Not understand
And WAS still AfrAid For His Family's Life

(c) Post-Conviction Proceedings:
   (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐   No ☒
   (2) If your answer to Question (c)(1) is "Yes," state:
   Type of motion or petition: _____
   Name and location of the court where the motion or petition was filed: _____

_____

(See motion)

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: _____

_____

_____

_____

_____

**GROUND TWO:** _Defendent was denied his Sixth Amendment Rights_

*See motion*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

To Proper Hearing And Counsel

**(b) Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐  No ☐

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐  No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐  No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐  No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐  No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

**GROUND THREE:** _____

_____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ❑

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑   No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑  No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑  No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑  No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: _____

_____

_____

_____

_____

**GROUND FOUR:** _____

_____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

**(b)  Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑  No ❑

    (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

**(c)  Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑  No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑  No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑  No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑  No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

_____

_____

_____

_____

_____

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?      Yes ☐   No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _*Kevin Patrick Bolger, Esq.*_____

(b) At arrangement and plea: ___ " _____ " _____ " _____

(c) At trial: _____

(d) At sentencing: _____

Page 12

(e) On appeal: _____

_____

(f) In any post-conviction proceeding: _____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

_____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ☒ No ☐   *841 (q)-(b)*

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☐ No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?     Yes ☐   No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

*WiThin The One yeAr period*

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 14

Therefore, movant asks that the Court grant the following relief: *Vacate, Set Aside Correct Sentence (From Leadership Role in Conspiracy) To involvement of Assisting in Taping And packing only. And under* or any other relief to which movant may be entitled. *Threat of Life Against Family..*

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _*8th*_ _*July*_ (month, date, year). *2011*

Executed (signed) on *July 8, 2011* (date).

*Federico Zavala Q*
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. _____

_____

_____

IN FORMA PAUPERIS DECLARATION

_____
[Insert appropriate court]
* * * * *

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
UNITED STATES OF AMERICA

The United States of America,                    )
                              Plaintiff          )
                           (Respondent)          )
                                                 )
vs                                               )
                                                 )         CASE NO.: 1:01-CR-00161-PLM-1
                                                 )
Federico Zavala-Quezada,                         )
                              Defendant          )         [THE HONORABLE PAUL L. MALONEY, CHIEF JUDGE]
                           (Petitioner)          )

MOTION FOR PETITION UNDER WRIT OF HABEAS CORPUS
WITH CONSIDERATION FOR SENENCE VACATE, CORRECT, OR SET ASIDE
ALL IN ACCORDANCE WITH AND PURSUANT TO TITLE 28 U.S.C. § 2255 INEFFECTIVENESS OF COUNSEL

NOW COMES, Petitioner, Federico Zavala-Quezada, (Defendant), as represented in propria

personam, sui juris, and acting on his own behalf and as his own legal counsel, hereby approaches

this Honorable Court with compos mentis, of sound mind and with full faculty, and as placed with

umberrima fidae, in good faith and with proper intention, for consideration of sentence vacate,

correction, or to be set aside with relief as prescribed under Title 28 U.S.C. § Section 2255

with support of memorandum of law and identification of breach of standards and practices on

behalf of representative counsel to which clear evidence is substantiated for repeal under

definition of INEFFECTIVE ASSISTANCE OF COUNSEL, all leading to lost opportunity for justice and

subsequently resulting in cause and prejudice therein. Further substantiation shall support a

procedureal default that counsel for the Defense acted professionally and constitutionally

ineffective leading to a railure to render adequate assistance and thus resulting in flawed

and prejudiced interpretation of critical prosecutorial evidence or lack thereof. An accompanying

memorandum of law in support of this Motion shall be included contemporaneously herewith. Defendant

shall provide this Honorable Court the following Findings of Fact for review and consideration

thereof.

AS FILED UNDER MOTION FOR SENTENCE RELIEF THROUGH
TITLE 28 U.S.C. SECTION § 2255 HABEAS CORPUS

THE UNITED STATES OF AMERICA

VS

FREDERICO ZAVALA-QUEZADA


The Petitioner respectfully requests that this Court will liberally construe his pleadings holding him not to the standards of a professional attorney herein.  See: Haines v. Kerner, 404 U.S. 519.


This filing for Petition in Habeas Corpus on behalf of Frederico Zavala-Quezada, all shall pertain to his criminal proceeding under final order in Federal Criminal Case 1:01-CR-00161-PLM-1, to which he was charged with a violation under Title 21:841(a)(1) and Title 21:841(b)(1)(A)(vii) involving Conspiracy to Distribute up to Six Hundred (600) pounds of Marijuana therein, to which he was sentenced to a term of imprisonment of One Hundred Thirty Five Months and Five Years of federal Supervised Release all under signature of Plea as represented by Counsel, Mr. Kevin Patrick Bolger.

To wit, Defendant was convicted under acceptance of Plea at the advice of counsel and accepted his sentence under the knowledge that his representation would meet the standards of professional conduct and review until such time that he discovered the following errors in his proceedings thus providing this Court substantiation for the existence of professional and constitutional violations resulting in an impedement of the Defendant's Sixth Amendment rights and shall prove INEFFECTIVE ASSISTANCE OF COUNSEL herein;

## A BRIEF COMPENDIUM OF CASE

Defendant, Frederico Zavala-Quezada, was charged with Conspiracy to Distribute a quantity of Six Hundred pounds of Marijuana within the jurisdiction of the Western District of Michigan under a Violation Title 21 841(a)(1) and Title 21 841(b)(1)(A)(vii) with prescribed enhancements as a "Leadership Role" in the conspiratory indictment.  Under signature of Plea at the advice of Counsel, Defendant accepted the terms and conditions with his signature even though he suffered from a severe language barrier and claimed then and now not to have understood the particulars of the agreement nor accepts the responsibility for any such "Leadership" role.

### GROUNDS

I.   DEFENDANT SHALL CONVEY THAT HE DID NOT UNDERSTAND NOR AGREE TO THE TERMS OF THE PLEA AGREEMENT AND BROUGHT THIS CHALLENGE TO THE ATTENTION OF COUNSEL THOUGH COUNSEL FAILED TO ASSIST IN RESOLVING THIS COMMUNICATION BREAKDOWN.

II.  DEFENDANT SHALL PROVIDE THIS COURT WITH CONFIRMATION THAT HE DID NOT HAVE THE ABILITY NOR SOPHISTICATION TO QUALIFY IN ANY RESPECT AS A "LEADER" IN SUCH CONSPIRACY AND THAT HIS ATTORNEY FAILED TO ADDRESS THIS FACTUAL EVIDENCE.

III. DEFENDANT SHALL PROVIDE THIS COURT WITH SUBSTANTIATION SHOWING AREAS OF EVIDENTIARY DOCUMENTATION TO WHICH EVIDENCE POINTS THE ROLE OF LEADERSHIP TO OTHER CO-CONSPIRATORS BASED UPON CIRCUMSTANCES AND TESTIMONY, ALL TO WHICH ATTORNEY FOR THE DEFENSE FAILED TO ADDRESS IN PLEA NEGOTIATIONS.

IV.  DEFENDANT NOTIFIED HIS COUNSEL OF A WITNESS THAT COULD CONFIRM AND CORRABORATE TESTIMONY TO WHICH HIS CO-DEFENDANT ADMITTED TO A "LEADERSHIP" ROLE AND SUBSEQUENTLY CONSPIRED TO PLACE SUCH BLAME AND RESPONSIBILITY ON DEFENDANT BECAUSE DEFENDANT DID NOT HAVE THE EDUCATION OR LEGAL UNDERSTANDING TO DEFEND THAT ALLEGATION.

## FINDINGS OF FACT

**LET ALL MEN KNOW BY THESE PRESENTS THAT;**

       **I, FREDERICO ZAVALA-QUEZADA, DEFENDANT, HEREBY**
approach this Honorable Court under representation of propria personam, sui juris, and acting on
my own behalf and as my own counsel, attest, affirm, and aver that the following Findings of Fact
are true and correct to the best of my ability, and that I provide these findings in request for
relief under appeal of Habeas Corpus through Title 28 U.S.C. § Section 2255 to Vacate, Correct, or
Set Aside my current sentence based upon substantiation of the existence of INEFFECTIVE ASSISTANCE
OF COUNSEL and a violation of my Sixth Amendment Rights all as follows;

  1. Defendant avers that he is a flesh and blood adult male currently held under the bondage
of incarceration with the Federal Bureau of Prisons and being held under residence within the Federal
Correctional Institution Elkton in Lisbon, Ohio for a prescribed term of sentence as set by his
current criminal violation as named and prescribed under Case No.: 1:01-CR-00161-PLM-1.

  2. Defendant avers that this Honorable Court maintains sufficient coram judice including
personal and subject matter jurisdiction as defined and subsequent to Title 18 U.S.C. Section § 3731
and further provides that venue is true and correct to establish proper filing and jurisdictional
significance by divesting all other courts of their control.

  3. Defendant avers that he has placed Service of Process upon the Office of the United
States Attorney for the Western District of Michigan and that such process shall be disclosed and
effectuated through Certificate of Service enclosed providing validation as timely and verified.

4. Defendant avers that he was not afforded effective assistance of counsel and was subject to violation of his Sixth Amendment Rights to such effectiveness with regard to standards of professionalism, knowledge of the law, conveyance in the best interest of the Defendant, and adherance to issues of constitutionality in the avoidance of cause and prejudice.

5. Counsel by his own admission, did not effectively communicate with Defendant in a way that would procedurally guide and direct Defendant to make an informed decision surrounding acceptance of Plea, directives at trial, and emphasis on proper and important evidentiary documentation as it may affect the outcome of the sentence and committment.

6. Counsel for the Defendant fell below an objective standard of reasonablenes and his deficiencies in performance prejudiced the defense as further defined herein and in accordance with the standards set forth under Strickland vs Washington 466 U.S. 668,687-88.

7. Such cause and prejudice, it shall be established provides for a foundation that the counsel for the defense "caused procedural default" ... further, "showed actual prejudice resulting in alleged error and foregone interpretation of evidentiary documentation.

8. Counsel for the Defendant gave a performance below a level of reasonableness and acted outside of a wide range of professional competence thus failing to render adequate assistance and failing to make all reasonable decisions in the best interest of the Defendant.,

9. Defendant affirms that under Title 28 U.S.C. § 2255, statute clearly states in relevant part; "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to such relief, the court shall cause notice to be served upon the United States Attorney, grant prompt hearing thereon and determine the issues and findings of fact and conslusion of law with respect thereto."

NOWTHEN;

GROUNDS FOR APPEAL

10. Defendant avers that he did not recieve a fair nor reasonable representation in his defense due to a substantial and significant communications barrier based upon his inability to read or understand the English language and to which his counsel failed to provide him any proper or necessary interrpretation as it pertains to facts, discovery, or terms of Plea.

11. Defendant avers that Counsel failed to object to statements brought forward and within the discovery of evidence showing that Defendant played a role as a "Leader" or acted in a "Leadership" position within the conspiracy when in fact evidence clearly points to the fact that Defendant could not read nor count nor did Defendant have any such contacts outside of his post of responsibility for simply "packaging" and "watching" contraband on behalf of the other individuals who took product to and from residence to distribute.

12. Defendant avers that Counsel failed to object to the fact that co-conspirator in case was responsible for an entirely second home where an entirely separate content of marijuana was stored and controlled by that co-defendant, Mr. Elias Pantoja, Jr., and that Mr. Pantoja was the individual that took law enforcement to the home where this additional contraband was stored to which Defendant in this appeal has never been.

13. Defendant avers that the residence in which he was found was not his residence and that he did not hold a lease to this property but merely stayed there as a base from which to come and go to work as a "Dry Wall Contractor". Although Defendant accepted responsibility for his role in "watching" the contraband when requested or assisting in "packaging" because he was employed as a Dry Wall Tape laborer, this was his only role in light of the fact that he had no contacts, no ability to purchase or sell, no expertise in distribution, no weapon, no previous experience in drug distribution or purchase, and that he could not negotiate, read, or count mathmatically as his only skill was that of a laborer who was taken advantage of by co-Defendants.

14.  Defendant avers that Counsel failed to bring forward information confirming that co-defendants substantiated damning evidence that they were intimately involved with the distribution aspect of the drug trade in that Defendant, Jesus LLamas held the immediate connection to his own brother, Mr. Marcello LLamas who was both the "Owner" of the residence where the narcotic was found but also that he was traveling to and from Mexico to deliver such shippments of Marijuana and that both Jesus and Marcello had the sophistication (Language, Skills, Weapons, Automobiles, Contacts, and Distribution History) to prove their role as the "Leadership" segment of this enterprise yet counsel failed to object nor challenge nor bring forward this valid substantiation.

15.  Defendant avers that counsel failed to bring forward the key witness on behalf of Defense to which co-Defendant, Mr. Elias Pantoja, Jr. admitted in vivid detail to the fact that he was the "Leader" but intended to pin all responsibility on Defendant because in his words, "Zavala-Quezada has no clue and no education so he won't even realize that we plan to stick him with the leadership role." This statement was made to witness, Mr. Palomares while defendants were held in county holding cell and counsel failed to bring this witness or testimony forward.

16.  Defendant avers that he informed his counsel that he was afraid to bring forward evidence and testimony to show that his co-defendants were in fact the Leaders of the conspiracy because they "threatened to kill his family if he attempted to tell the real story about who was in the "Leadership" role.  Counsel for Defendant told defendant not to disclose this information because "any accusations made against the co-defendants will further incriminate you." However, it is the position of Defendant that this advice was "Ill Advised" and could have gone to great lenghts to provide the court with an understanding as to why Defendant failed to state all of the details surrounding his Defense.  Defendant now wishes to bring this factual evidence forward.

SUMMARY OF GROUNDS AND APPEAL

May this Honorable Court take notice that counsel for the Defense failed to properly represent and effectuate professional and constitutional guidance in allowing the court to be prejudiced into accepting the theory that the Defendant qualified in a "Leadership" role when in fact, all evidence, testimony, and logic pointed to, and affirmed that the two other co-conspirators were, in all likely manner, the true and bona fide "Leaders" with the Defendant as showing no evidence, testimony, or possibility of having the skill, knowledge, contacts, financial ability, transporation, residence, experience, ability to count or calculate, or possess the language skills to market, sell, transact, or distribute any form of narcotics, when in fact, his co-conspirators possessed all of these characteristics and witness, Polomares was prepared to testify that these conspirators admitted to the plan to "pin" the blame on Defendant exactly for the reason that Defendant would not have the mental capacity to understand what was being imposed upon him. In addition, when Defendant was threatened not to testify against the co-conspirators or will face the threat of death to his family, Defendant's attorney advised Defendant NOT TO TELL THE COURT THIS INFORMATION. Counsel for the Defendant failed to properly advise his client, failed to assist him with comprehension, failed to provide discovery, and failed to bring forward a witness to give Defendant vindication.

Co-conspirators who utilized Defendant for "packing and taping" the marijuana because Defendant was a dry wall laborer with no transporation and no money or connections, allowed Defendant to stay in the residence to "watch over" the contraband while they (Jesus Llamas and Elias Pantoja,Jr.) traveled to pick up deliveries from Jesus' brother, Marcello who was the primary supplier, and the two co-conspirators made sales, collected money, inventoried product in both houses which Defendant did not have access to, made all decisions, paid Defendant a small fee, and both co-defendants acted as leaders in the order of; Pantoja reported to Jesus Llamas who received delivery from brother Marcello up the chain. AS SUCH, IT IS PROPOSTERIOUS AND ABSURD TO PERMIT THIS DEFENDANT TO BE PROSECUTED AS A "LEADER" WHEN IN FACT, ALL PARTIES (DEFENSE AND PROSECUTION) REALIZE THIS ROLE NEVER FIT THIS DEFENDANT.

17.  Defendant avers that counsel failed to address the fact that no mention or accusation of "Leadership" role was presented to him before signature of Plea, during Plea signature, nor after signature of Plea and that no awareness of "Leadership" allegation was presented to Defendant by anyone including prosecution or defense attorney until such time that Defendant was sentenced for such role at sentencing hearing to which he still did not understand until he sought interrpretation assitance once inside the prison system proper.

18.  Defendant avers that counsel failed to address the fact that co-Defendant, Mr. Jesus Llamas immediately fled bond and has remained as a fugitive prior to any accusation of "Leadership" role as alleged against Defendant, as such, it is also believed that such role was possibly able to be substantiated for Llamas' sentence until such time that Llams fled leaving no one but the Defendant to be left for the role of Leadership.  Co-defendant Pantoja was a cooperating witness and as such was also able to skirt the "Leadership Role."  Defendant was unreasonably  and unfairly attached with the "Leadership" role even though no such possibility could exist for that role and counsel for the defense failed to make any objections to address this obvious issue.

STANDARD OF REVIEW

MAY IT BE GRANTED CONSIDERATION BY THIS HONORABLE COURT THAT;

The Sixth Amendment shall guarantee the right to effective assistance of counsel in every stage of the proceeding in a criminal matter and debatably and assuredly establish that upon the Defendant's substandard representation by counsel that such sentence be vacated, set aside, or corrected as prescribed;

"...The adversary system requires defense counsel's presence and gealous professional advocacy just as it requires the presence and gealous advocacy of the prosecutor and the constant nuetrality of the judge ... and that counsel for the defense shall not be viewed as impeding the administration of justice simply because he or she challenges the prosecution, but as an indispensible part of its fulfillment."

"...included in defense counsel's obligations to the client is the responsibility of furthering the defendant's interest to the fullest extent that the law and the standards of professional conduct permit."

"...that advocacy is not for the timid, the meek, or the retiring.  That our system of justice is inherently contentious, albeit, bounded by the rules of professional ethics and decorum, and it demands that the lawer be inclined toward vigorous advocacy nor can a lawyer be half-hearted in the application of his or her energies to a case.  If a case has been undertaken, a lawyer is obliged not to omit any essential honorable step in the defense, without regard to compensation or the nature of the appointment..."

————American Bar Association Standards for Criminal Justice, Defense

QUESTIONS FOR CONSIDERATION:

In performance of standards of professional conduct and with consideration for ineffective assistance of counsel when such performance prove to be substandard or where such standards are compared to the Two Prong conditions set forth under Strickland vs Washington; First, the Defendant must show that counsel's representation fell below an objective standard of reasonableness, and Second, Defendant must show that there is a reasonable probability that but for counsel's unprofessional errors and deficiencies, the result of the proceeding would have been different. Strickland vs Washington, 466 U.S. at 668 may be clearly applied in this case. The two prongs of the Strickland test are commonly referred to as the performance prong and the prejudice prong. Fields vs Attorney General of Maryland, 956 F2nd 1290 (4th Cir 1992). Unless the defendant carries the burden of persuasion with regard to the prejudice prong, a reviewing court need nto review the performance prong. Fields at 1290, 1297.

In this case, a reasonable probability is a probability sufficient to underminde confidence in the outcome. When the record is reviewed in toto, there is certainly a reasonable probability that the result of the proceeding would have been different. That reasonable probability is created based upon counsel's failure to properly guide and advise his client through Plea and Hearing. The prejudice prong of Strickland is therefore satisfied in this case.

Having established the reasonable probability that the outcome would have been different, but for the failings of the Defendant's counsel, this court should review the performance prong of Strickland for application. There is a strong presumption that counsel was within the wide range of reasonable professional assistance. Matthews vs Evatt, 105 F3d 907 (4th Cir). That presumption is easily overcome in this case. The Defendant's counsel failed to properly advise and guide his client with regard to acceptance or denial of a Plea Agreement and further failed to meet a standard of professional care in his representation before the bench.

In this case, had counsel for the Defendant conducted a reasonable investigation of law and facts as relevant and verified, his strategic decisions stand as "virtually unchallengable." In this particular case however, it cannot reasonably be deduced that counsel's effectiveness resulted from merely strategic error. The error in this case shows counsel failed to properly inform and advise, as well as effectively strategize a sound and fundamental defense.

FORMATION AND SYSTEM

In 1984, The Supreme Court rendered two decisions that have provided guidance on the authority of effective assistance of counsel and the benchmark for judging any such claim of ineffectiveness must be based on whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result.

The same principle applies to a criminal proceeding such as the one described as part of the above-captioned criminal case under appeal of habeas corpus within this motion for petition. That such consideration must be extended to determine the sufficiency of counsel and the existence of standards for the decision that counsel's role contributed in the proceeding to that of what may be reasonably anticipated. Strickland vs Washington 466 U.S. 668, 687-688.

When the convicted defendant's claim states that counsel's assistance was so defective as to require reversal of the conviction or an adjudication for correction or the process of setting aside, the defendant must first show that counsel's performance was deficient and second, that the deficient performance prejudiced the defense so as to deprive the defendant a fair and just trial.

In United States vs Cronic, 466 U.S. 648 (1984), the court held that; "The court of appeals erred in utilizing an iferential approach in determining whether respondent's right to the effective assistance of counsel had been violated."

(A) The right to the effective assistance of counsel is the right of the accused to require the prosecution's case to survive the crucible of meaningful adversarial testing. When a true adversarial criminal trail has been conducted, the kind of testing envisioned by the Sixth Amendment has occured.

"An accused's right to be represented by counsel is a findamental component of our criminal justice system. Attorneys in criminal cases are necessities, not luxuries."

THEREFORE;

AS STATED:

"That government hires attorneys to presecute and defendants who have the money

hire attorneys to defend shall be an indication that the strongest indications of the widespread

belief that attorneys in criminal courts are necessities, not luxuries. The right of one charged

with a crime to counsel may not be deemed fundamental and essential to fair trials in some countries,

but in the United States it shall be. From the very beginning, our state and national constitutions

and our laws have laid great emphasis on procedural and substantitive safeguards designed to assure

fair trials before impartial tribunals in which every defendant stands equal before the law."

Gideon vs Wainwright, 372 U.S. 335, 344 (1963).

Their presence is essential because they are the means through which the other rights

of the person on trial are secured. Without counsel, the right to a trial itself would be "of

little or no avail," as this court has recognized repeatedly.

"The time has not eroded the force of justice Sutherland's opinion for the court in

Powell vs Alabama, 287 U.S. 45 (1932): The right to be heard would be, in many cases, of little

avail if it did not comprehend the right to be heard by counsel. Even the intelligent and educated

layman has small and sometimes no skill in the science of law. If charged with crime, he is

incapable, generally, of determining for himself whether the indictment is good or bad. He is

unfamiliar with the rules of evidence. Left without the aid of counsel, he may be put on trial

without a proper charge, and he may be convicted upon incompetent evidence irrelevant to the

issue or otherwise inadmissible. He lacks both the skill and knowledge adequately to prepare

his defense, even though he may have a perfected on. He requires the guiding hand of counsel

at every step in the proceedings against him. Without it, though he be not guilty, he faces

danger of conviction because he does not know to establish his innocence. If that be true of

men of intelligence, how much more true is it of the ignorant and illiterate, or those of

feeble intellect. If in any case, civil or criminal, a state or federal court were arbitrarily

to refuse to hear a party by counsel, employed by and appearing for him, it reasonably may not

be doubted that such a refusal would be a denial of a hearing, and therefore, of due process in

the constitutional sense." [Id at 68-]

ADDITIONAL AREAS OF INEFFECTIVENESS:

Attorney for the Defense failed to properly investigate the case and facts therein.

Attorney for the Defense did not provide any discovery for client to review.

Attorney for the Defense did not explain nor advise on direction toward Plea.

Attorney for the Defense failed to consider exculpatory evidence demonstrating innocence.

Attorney for the Defense did not invest adequate time or resources to the defense.

Attorney for the Defense ignored the existence of employment logs and alibis.

Attorney for the Defense failed to introduce evidentiary documentation available.

Attorney for the Defense failed to properly analyze testimony and object accordingly.

Attorney for the Defense failed to challenge inconsistencies and contradictions.

Attorney for the Defense failed to challenge or clarify probational misinformation.

Attorney for the Defense introduced incriminating information without authority.

Attorney for the Defense failed to file any pretrial motions baring admissibility.

Attorney for the Defense failed to file a sentencing memorandum or argue therein.

Attorney for the Defense failed to address unwarranted enhancements and levels.

Attorney for the Defense failed to challenge quantities, ratios, against found evidence.

Attorney for the Defense failed to establish and prove any lack of ties to co-conspirators.

Attorney for the Defense failed to properly advise Defendant of proposed evidence against him.

Attorney for the Defense deprived the Defendant of his fundamental rights.

Attorney for the Defense caused Defendant to be devoid of informed and sound decisions.

Attorney for the Defense caused the Defendant to serve a federal sentence beyond reason.

Attorney for the Defense prejudiced the court through ineffective assistance and error.

ADDITIONAL FACTORS;

      Under criminal law as it may relate to the proceeding at hand, 273.1(4): When a drug quantity exposes a defendant to a higher statutory maximum sentence than he would otherwise face as may be the case described herein, drug quantity is a critical element of the charged offense of which the defendant must be adequately informed before a quality plea is considered or denied. As prescribed under Federal Rules of Criminal Procedure, Rule 11, Title 18 U.S.C. and with special consideration for issues set forth under; Booker 125, Sct 738 (2005) WL 50108, and previously as set forth under Blakely vs Washington 124 SCT 2531 (2004), all the evidence with respect to the quantity of drugs under evidence shall be determined, beyond a reasonable doubt, and with such quantity as verifiable and quantifiable, such evidence must be brought before the court.

      As such, on June 24, 2004, the United States Supreme Court struck down the sentencing scheme of the State of Washington in Blakely vs Washington, 2004. And such Washington sentencing scheme resembled the federal guidelines in that same offense and as such, assigned a base level with factual enhancements to be determined by the sentencing court applying the preponderance of evidence under proof of standard that the defendant in Blakley had he agreed upon such sentencing range.

      In the case of the Defendant to this proceeding and Motion for Sentence Relief under 2255, it should be given every consideration that the discredit of said testimony, the impeachment of said witnesses, the objection of said quantities, the strike of certain interrogatories, the denial of certain probationary findings, and the validation of certain evidentiary documentation as to alibi, timing, unsubstantiation and improbability each falls under the standard of care as set forth by legal counsel when effective both procedurally and constitutionaly. To wit, counsel for the defense, through ineffective representation brought prejudice upon the court.

Since the Supreme Court held that "other than the prior conviction, any fact that increases the penalty for an offense, to more than the statutory maximum must be presented to a jury and found by proof beyond a reasonable doubt.  Id at 4, However, in a dramatic shift, the judge may impose [...solely on the facts reflected in the jury] verdict or admitted by the defendant, not the maximum sentence a judge may impose after finding additional facts."

In a clear and meaningful interpretation of Blakely and as well, Booker, the court must make sure that all the elements to support the enhancement(s) had to be proved beyond a reasonable doubt.

In United States vs Shanpley, 2005 WL 357449 2nd Cir. 2005 to wit: ..."For the Defendant to endure enhancement, the court must prove beyond a reasonable doubt as prescribed in Booker and Blakely that the law must be upheld in all instances and on behalf of the Defendant in proceeding."

The commentary to 6A1.3 states that; "The commission believes that use of a preponderance of the evidence standard is appropriate to meet due process requirements and policy concern in the facts of a case." The court holding today must adhere to the foundation set forth under the Fifth Amendment to which requirement must be extended in proof beyond a reasonable doubt, not by the preponderance of the evidence, of any fact that increases the sentence beyond what could have lawfully imposed on the basis of facts found by the jury or admitted by the Defendant.

Indeed, in the aftermath of Booker and with the various circuit decisions such as United States vs Crosby, Docket No 03-1675, 397 F3d 103 (2005), the circuit requires and directs the district court to consider the guidelines in sentencing the defendant, as well as all the other factors contained in 18 U.S.C. § Section 3553(a).  The court in Crosby goes so far as to say that it would be error if the court mandatorily applied the guidelines range as sole basis for a sentencing provision in light of the fact that it would be a sentence based upon a nonexistent statatory provision. A sentencing judge is now able to and entitled to find all the facts that the sentence in footnote number 9 of Crosby outlines; The court states that a non-guideline sentence is to distinguish it from a term of departure thus, the court of the Defendant and the government herein would provide for litigation of departures and it then must decide whether a non-guideline sentence is appropriate for the Defendant based upon the various other factors of which are no longer manditorily prohibited.

WITH CONSIDERATION;

The special value of the right to the assistance of counsel explains why "[I]t has longbeen recognized that the right to counsel is the right to the effective assistance of counsel." McMann vs Richardson, 397 U.S. 759, 771, N.14 (1970).

The text of the Sixth Amendment itself suggests as much. The amendment requires not merely the provision of counsel to the accused, but "assistance," which is to be "for his defense." Thus, "The core purpose of the counsel guarantee was "assistance" at trial, when the accused was confronted with both the intricacies of the law and the advocacy of the public prosecutor." United States vs Ash, 413 U.S. 300, 309 (1973).

If no actual "assistance" for the accused's defense is provided, then the constitutional guarantee has been violated.

"The Sixth Amendment, however, guarantees more than the appointment of competent counsel. By its terms, one has a right to "assistance of counsel for his defense." Assistance begins with the appointment of counsel, it does not end there. In some cases the performance of counsel may be so inadequate that, in effect, no assistance of counsel is provided. Clearly, in such cases, the defendant's Sixth Amendment right to have assistance of counsel is denied. United States vs Decoster 199 U.S. App.DC 359-382, 624 F2d, Cert. Denied, 444 U.S. 944 (1979).

To hold otherwise "could convert the appointment of counsel into a sham and nothing more than a formal compliance with the constitution's requirement that an accused be given the assistance of counsel. the constitution guarantees that assistance fo counsel cannot be satisfied by mere formal appointment." Avery vs Alabama 308 U.S. 444, 446 (1940).

In the case of the above-captioned defendent of this Motion under appeal for habeas corpus, consideration must be extended as to Defendant's violation of his Sixth Amendment right as issues of concern for appeal under ineffective assistance of counsel have been met in each and every condition as to misrepresentation of a reasonable and just defense to which such outcome shall have resulted in a clear and obvious prejudice of the proceedings and subsequent sentence.

FACTORS OF DETERMINATION:

In light of the fact that Crosby now requires judges at sentencing to;
1. calculate an applicable guideline range, 2. make traditional departure determinations under
the guideline range, 3. decide whether to follow or vary from the now advisory guidelines based
upon the factors set forth, it is appropriate for the Defendant to present such factors and
outline such deficiencies as to counsel's effectiveness in prejudicing the final outcome of
the sentence. Such factors include the nature and circumstances of the offense and the conveyance
of testimony supporting those facts, the credibility of such evidence, when produces with validation,
and of course, the seriousness of the offense all to afford adequate deterrence to criminal
conduct and to protect the public. from further crimes of the Defendant and to provide the
Defednant with needed educational treatment in the most effective manner, the need to avoid
unwarranted sentencing disparities, and to provide restitution to the victims. When cases of
ineffective assistance prejudice such determinations, sentences imposed are often inappropriate.

The district court may now consider those mitigating factors that the advisory
guidelines prohibit, ie: poverty, racial discrimination, humility, drug abuse, addiction, dis-
functional family life, lack of guidance, or the overall history and community service of the
Defendant as set forth under United States vs Ranum, 2005 WL 161223 ed. Wisc January 19.

In the case of Defendant for the above-captioned criminal proceeding, consideration
must be extended to the Defendant's history and record and the fact that counsel's inability to
convey such standing to the court further prejudiced findings. Such ineffective assistance of
counsel denied Defendant of his fundamental rights wherefore, premises considered, this Motion
prays that the court finds that there has been a denial or infringement of the Petitioner's
fundamental rights egregious enough to warrant relief and vacate, set aside, or correct sentence.

CAUSE AND EFFECT OF INEFFECTIVE COMMUNICATION:

   The failure of Counsel for the Defense to properly guide and advise on the particulars of the Plea Agreement with assurance of full and complete understanding shall set the stage for ineffective assistance of such counsel. The failure to be advised on the agreement shall flaw the proceedings for several reasons; First, full disclosure and understanding are essential for the court's determination whether to accept a plea of guilty; it is particularly needed for the judge to make "...the constitutionally required determination that a defendant's guilty plea be truly voluntary." McCarthy vs United States, 394 U.S. 459, 465, 89 S.Ct. 1166, 1170 22 L.ed.2d 418. The courts have been cautioned by the Supreme Court even before the adoption of the strict amendments involved here that; "...signature is intended to produce a complete record at the time the plea is entered or considered as factors relevant shall stand on voluntariness determination."

   As stated in Roberts at 1007, "...there is no standard short of requiring total disclosure [understanding] of all material details of the plea agreement that can reliably guarantee that guilty pleas are knowing and voluntary and fully understood by the parties themselves."

   Also, a full disclosure of all understanding is also essential for the court's determination of the type of agreement [or representation in understanding that agreement] so that required advice may be given to the defendant before the plea is either entered or denied. Again, such action or inaction on behalf of counsel for the defense meets exactly the conditions set forth in the two prong test surrounding effective assistance in Strickland vs Washington 466 U.S.

   Had counsel for the defense more properly and effectively advised on the merits of the Plea Agreement or challenged such inconsistencies throughout the evidentiary review, the petitioners (Defendants) sentence would have been significantly reduced or eliminated all together.

   As such, ineffective assistance of counsel may thus render a plea agreement worthy or toxic based upon a thorough review and evaluation following legal consultation with the client. Anything shy of such standard shall meet the criteria for proper interpretation of ineffective assistance of counsel. Hill vs Lockhart, 474 U.S. 52, 57, 106 S.Ct. 366, 88, L.Ed. 2nd. 203 (1985).

SUBSTANTIATION FOR INEFFECTIVENESS AND MISSED OPPORTUNITY:

It shall be determined under the guise of ineffective assistance of counsel that; "...a guilty plea is open to attack on the ground that counsel did not provide the defendant with 'reasonable competent advise' or the missed opportunity to accept such a plea as equally important. Cuyler vs Sullivan, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L. Ed.2nd 333 (1980).

Reasonable competence in advisement shall stand as critical in determining effectiveness, particularly in cases where the client is lead astray, or left without a full and complete understanding and comprehension of the proposed plea opportunity as was the case in an ineffective counsel for defense. McMann vs Richardson, 397 U.S. 759, 770, 90 S.Ct. 366, 370-371 and Hill vs Lockhart, 474, U.S. 52, S.Ct.

The habeas petitioner establishes ineffective assistance of counsel by demonstrating that counsel's advice and performance fell below an objective standard of reasonableness, based upon which he either pled guilty or failed to accept a plea due to misinformation or misunderstanding. For the Defendant to make an informed choice and one that is constitutionally knowing and voluntary, Counsel must be familiar with the facts of law and advise accordingly as to various options. In the case at hand, counsel for the Defendant failed at meeting such standards. As such, a plea that is understood by the defendant may then be evaluated for beyond mere formality as signing such shall consist of a "grave and solemn act." United States vs Arteca, 411 F3d 315, 319 (2nd Cir 2005).

Since the plea agreement in this particular case would have required that certain rights be waived, acceptance must be executed voluntarily, knowingly, and intellectually, and with sufficient awareness of the relevant circumstances and likely consequences; a condition or condition(s) not afforded the Defendant in this case as a result of counsel's failure to advise. Bradwhaw vs Stumpf, 545 U.S. 175, 125 S.Ct. 2398, 2405, 162 L.Ed. 2nd 143 (2005).

As such, acceptance of the Plea or denial to move to hearing shall be based upon the effective and sound direction of counsel and shall be an "...intelligent choice among the alternative courses of action open to the defendant." North Carolina vs Alford, 400 U.S. 25, S.Ct. 160.

EMBODIMENT OF THE TRUTH AND COMPREHENSION OF LAW;

The court has long recognized that the right to counsel "embodies a realistic recognition of the obvious truth that the average defendant does not have the professional legal skill to protect himself when brought before a tribunal with power to take his life or his liberty." Johnson vs Zerbst, 304, U.S. 458, 462-463, 58 S.CT. 1019 1022, 82 L.Ed 2nd 1461.

In this case, the petitioner required the "guiding hand of counsel at every step in the proceedings agains him." Powell vs Alabama, 287 U.S. 45, 68-69 52 S.Ct. L. Ed 158 (1932). The Supreme Court stated in Argersiger vs Hamlin, 407 U.S. 25, 92 S.Ct. 2006 that; "Counsel is needed so that the accused may know precisely what he is doing, so that he is fully aware of the prospect of going to jail or prison, and so that he is treated fairy by the prosecution.

Within the Fifth Circuit, which is not binding on this case yet one which speaks volumes to the matter of effectiveness states; "Reasonably effective assistance is an easier standard to meet in the context of a guilty plea than in a trial, but counsel still must render competent service...it is the attorney's duty to ascertain if the plea is entered voluntarily [or if the client fully comprehends the particulars to enter it voluntarily], thus, he must actually and substantially assist his client in deciding whether to plead guilty, accept the Plea or deny the plea based upon facts and circumstances, and provide the accused with an understanding of the law in relation to the facts.  Such advice needs not be perfect but it must be reasonably competent and should permit the accused to make an informed and conscious choice," neither of which condition was met in this particular case.  Herring vs Estelle, 491 F2nd 125, 128.

In this case, it is clear that the Petitioner (Defendant) has satisfied both prongs of the Strickland requirement and analysis.  The integrity of the decision to accept or deny the Plea was tainted by the incompetent assistance of counsel in that; "[W]hen the system of competent counsel advising a defendant about a plea of guilt functions satisfactorily, it is both fair and reasonable to expect that defendant who has made his choice and received whatever benefits flow therefrom be required to live by that choice.  In any particular case in which the system fails, however, it is the court's duty to supply relief." Colson vs Smith, 438 F2nd 1075, 1079 (5th Cir.).

COUNSEL DENIED PETITIONER OF HIS FREE WILL:

In the case at hand, Petitioner (Defendant) was not given the opportunity to make an informed and rational decision to accept or deny the plea based upon a lack of understanding and counsel's failure to advise;  It thus becomes axiomatic that to be voluntarily and understandingly in agreement with counsel and counsel's advice, the defendant must act solely after receiving such sound advice and direction from counsel and then must act under his or her own free will.  In a case where such free will is overborne by the prosecutor or by the accused attorney despite the Petitioner's (accused's) repeated cry of incomprehension, such matter to proceed to plea or trial shall be deemed an act of ineffective assistance of counsel.  Edwards vs Garrison, 529 F2nd 1374. (4th Cir.) (1975).  Mosher vs Lavallee, 491 F2nd 1346 2nd Cir 1974.  Wellnitz vs Page 420 F2nd 935.

CONCLUSION AND PRAYER FOR RELIEF

LET IT BE THE DETERMINATION OF THIS HONORABLE COURT THAT;

The sentence for the Defendant in the above-captioned matter be set aside, corrected, or vacated under Rule of Law in Motion for relief under appeal of habeas corpus as defined herein and set forth under Title 28 U.S.C. Section § 2255 and as further defined through appropriate case law including conditions and analysis met under Strickland vs Washington and in citing conditional issues under McMann vs Richardson and others, it should be adjudicated that as a condition of 28 U.S.C. § 2255, a clear argument has been made in relevant part to show conclusively that the Defendant received ineffective assistance of counsel and was precluded from proper and appropriate representation before the court and as such received no such relief to which the court shall cause notice to be served upon the office of the United States Attorney in appeal for grant of prompt and immediate hearing or rehearing therein and further determine and reevaluate such issues and make findings of fact and conclusions of law with respect thereto.

That the court adjudge, declare, and decree that determination be made that the counsel for the Defense has proven ineffective and below standard both professionally and constitutionally.

CERTIFICATE OF SERVICE

IT SHALL BE STATED THAT;

        I, Petitioner and Movent to this Motion, hereby, affirm, attest, and aver that I have caused to be served a true and complete copy of the foregoing Petition to the following addressee as listed below and that such copy has been sent through the United States Postal Service va First Class Mail and has been deposited within the appropriate depository at Federal Correctional Institution Elkton in Lisbon, Ohio, all as timely and verified under documentation.

SERVICE FORWARDED TO:

**The Office of the United States Attorney**
**Western District of Michigan**
**Southern Division**
**Kalamazoo, Michigan 59211**

DATE: <u>July 8, 2011</u>

RESPECTFULLY SUBMITTED BY:

x *Federico Zavala Q*
**Federico Zavala-Quezada, Petitioner**

VERIFICATION AND JURAT

WITH MY HAND AND SEAL, I AFFIRM, ATTEST, AND AVER THAT;

Defendant, hereby declare under penalty of perjury that the proceeding and inclusive information is true and correct and in witness knowing the law of bearing false statements before my creator and fellow man, I hereby confirm, to the best of my knowledge and belief, that this filing is made with umberrima fidae, in good faith and with proper intention, and in accordance with Title 28 U.S.C. Section § 1746 of unsworn declaration and prescribed under penalty of perjury herein judiciary and judicial procedures as Sections §§ 1731-1960 et. seq.,

WITH MY HAND AND SEAL,

I place this document before the court: On This 8th Day in the Month of July, 2011 anno domini.

FURTHER AFFIANT SAYETH NAUGHT:

x Federico Zavala Q
Frederico Zavala-Quezada, Defendant
Federal Identification 14859-040
Federal Correctional Institution
Elkton Facility
P.O. Box 10 Lisbon, Ohio 44432

ENCLOSURE, et. seq.,