Case 1:10-cr-00161-PLM Doc #107 Filed 11/30/11 Page 1 of 5 Page ID#286

FILED - KZ
November 30, 2011 2:01 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
bd / Scanned by /

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (1)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>　　　　Respondent, )<br>　　　　　　　　　　　　　　　　)<br>vs.　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>FEDERICO ZAVALA-QUEZADA, )<br>　　　　Petitioner. ) | Criminal Docket No. 1:10-cr-00161-1<br><br>Hon. Paul L. Maloney |

### PETITIONER'S RESPONSE TO GOVERNMNET'S RESPONSE

NOW COMES the petitioner; Fedrico Zavala-Quezada, pro se, and respond to the Government's response to his 28 U.S.C. §2255 motion.

Petitioner first claim that trial counsel failed to object to a sentencing enhancement for being a leader/organizer and did not adequately defend him from that enhancement is well founded in the fact that the decision of <u>United States v. Fernandez</u>, 829 F.2d 363 (2d Cir. 1987) where it was held that the credibiliyt of government witnesses were not challenged on cross-examination to the extent justifying the admission of a witnesse's statement. In this case the witnesses' statements were just mere hearsay uncoroborated by any real evidence that tied petitioner to the marijuana. The residence that the marijuana was confiscated from was not the petitioners. residence; nor was there any video or audio evidence that verified that petitioner was responsible for the marijuana being at the residence. Armed with the above legal positives counsel was ineffective and

-1-

prejudiced petitioner by not fully challenging the government's witnesses via vigorous cross-examination since these witnesses' stateemtns were the only evidence used to connect the petitioner with the illegal marijuana found at the residence that did not belong to him. This argument also extends to the fact that these witnesses testionoies were used to verify that petitioner was a leader/organzier of the drug operation. Nothing but the words of alleged co-defendants were used to brand petitioner as a leader/organizer. Words of individuals who had more to gain by lying on the petitioner than telling the truth. This does not comprise the "evidence" that the federal courts mandates must be present to find one guilty of a crime. Had counsel brought out, via vigorous cross-examination, vindictive shallowness of these witnesses testimony, there is a probability that the petitioner would have been found not guilty. Also see <u>United States v. Cosentino</u>, 844 F.2d 30 (2d Cir. 1998) (Once a defendant launches an attack on the credibility of a co-defendant who is testifying for the government, the government is free to introduce the entire plea agreement, including including those positions which bolster the witnesses' credibility, however absent such an attack, such evidence is not admissible to support witness' credibility.) Had petitioner's counsel lauched such an attack on the credibility of the government witnesses he would have been able to view the plea agreement in its entirety and search for any flaws and inconsistencies to impeach the government's witnesses.

-2-

In <u>Burton v. United States</u>, 391 U.S 123, 83 S.Ct. 1620 , 20 L.Ed.2d 496 (1968) it was ruled by the United States Supreme court that: "Due to the strong motivation to implicate the defendant and to eonoret himself, a co-defendant's statement about what the defendant said or did are less reliable than ordinary hearsay evidence. This being the ruling by the Highest Court in the Land counsel was ineffective and prejudiced the petitioner by putting forth a strong argument about the Supreme Court's ruling about the caliber of witnesses that the government used against the petitioner.

Petitioner second claim that he was denied a hearing on his claim that he was not the leader of the group is a viable claim since the severe enhancement that is attached to this allegation did result in the petitioner being sentenced to more time than he ordinarily would have received. In Federal Courts all enhancements are sustained or rejected due to the results of a hearing. In the nane of justice and judicial fairness such a hearing should have been held.

In <u>Blalock v. Lockhart</u>, 898 F.2d 1367 (8th Cir. 1990) it was held "Defense counsel's failure to inform defendant of the accomplice corroboration rule, constitutes ineffective assistance, combined with the trial court's failure to properly advise defendnat of his right to confront witness, remain silent and the nature of the charges, rendered the guilty plea not knowing or voluntarily entered, which required an evidentiary hearing. In this matter by counsel failing to inform petitioner of the accomplice rule,

-3-

counsel did not properly advise petitioner of his right to confront witnesses, before he advised petitioner to entered guilty plea. This was of the utmost importance since petitioner do not speak the English language The judicial English language is difficult for those who speaks the English language to comprehend so it was paramont that counsel took additional and specail time to make sure that petitioner fully understood before the guilty plea. Especially since petitioner had made it very clear to counsel that he was not the leader/organizer of the marijuana ring. Also see Dixon v. Snyder, 260 F.3d 693, 703-05 (7th Cir. 2001) (Counsel's failure to crosss-examine sole eyewitness againt defendnat was ineffective assistance because witnesse testimony was the direct evidence against defendant.) The only direct evidence against the petitioner was the alleged eyewitnesse(s) who claimed that petitioner was the leader/organizer who was responsible for the acquisition, transportation and sales of the illegal marijuana. Counsel should have legally opposed these testimonies via a hearing since it was the only so-called evidence used against the petitioner. Counsel was ineffective and his not petitioing for a hearing on this issue prejudiced petitioner by coercing him to plea guilty to a crime that he did not ocmmit.

## CONCLUSION

WHEREFORE based on the above the petitioner prays that this Honorable Court make a ruling in this matter that in Judicially Fair, which will result in the remanding and overturning of the petitioner's conviction or anyother legla remedy that the Court deems fair.

Respectfully submitted.

November 28, 2011.

*Federico Zavala Q*
FEDERICO ZAVALA-QUEZADA
Pro Se Petitioner
Reg. No. 14859-040
Federal Correctional Institution
Post Office Box 10 (FCI Elkton)
Lisbon, OH 44432-0010

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the enclosed Petitioner's Response to the Government's Response was placed in the prison mailbox, postage-prepaid, first-class, on this 29 day of November, 2011 and mailed to:

Mark V. Courtade
Assistant United States Attorney
PO Box 208
Grand Rapids, MI 49501-0208
Te. (616) 456-2404

*Federico Zavala Q*
FEDERICO ZAVALA-QUEZADA
PRO SE PETITIONER