UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> Respondent, ) <br> ) <br> -v- ) <br> ) <br> FEDERICO ZAVALA-QUEZADA, ) <br> Petitioner. ) <br> _____ ) | No. 1:10-cr-161 <br><br> HONORABLE PAUL L. MALONEY |

**OPINION AND ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**
**and**
**ORDER DENYING CERTIFICATE OF APPEALABILITY**

This matter comes before the Court on Federico Zavala-Quezada's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Zavala-Quezada was charged with conspiracy to distribute more than 1,000 pounds of marijuana, possession of a firearm in the furtherance of a drug trafficking crime, and being an alien in unlawful possession of a firearm. (ECF No. 27 "Indictment.") On November 29, 2010, Zavala-Quezada entered into a plea agreement, in which he pled guilty to the conspiracy charge. (ECF No. 67 "Plea Agreement.") On April 4, 2011, Zavala-Quezada was sentenced to 135 months imprisonment. (ECF No. 82.) Judgement of conviction was entered on April 11, 2011. (ECF No. 84.) He did not file a direct appeal.

Zavala-Quezada timely filed this § 2255 motion on July 21, 2011. (ECF No. 92.) The Government filed its response. (ECF No. 104.) Zavala-Quezada filed a reply. (ECF No. 107.)

**LEGAL FRAMEWORK**

This court must vacate, set aside or correct a sentence if a prisoner shows the sentence he or she serves was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose the sentence, or that the sentence was in excess of the

maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). As a threshold matter, a prisoner seeking relief under § 2255 must allege (1) an error of constitutional magnitude, (2) a sentence was imposed outside the federal statutory limits, or (3) an error of fact or law that was so fundamental as to render the entire criminal proceeding invalid. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-497 (6th Cir. 2003)). To merit relief under § 2255, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abramson*, 507 U.S. 619, 637 (1993)). Non-constitutional errors are generally outside the scope of the relief afforded under § 2255. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). Where the alleged error is not constitutional, the petitioner must show the error constitutes a "fundamental defect which inherently results in a complete miscarriage of justice." *Reed v. Farley*, 512 U.S. 339, 353-54 (1994) (quoting *Stone v. Powell*, 428 U.S. 465, 477 n. 10 (1976) (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962.)))). As the moving party, the defendant bears the burden to prove his or her assertions by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised in a § 2255 motion, a collateral attack, unless the petitioner shows either (1) cause and actual prejudice or (2) actual innocence. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 626-27 (1998); *Martin v. United States*, 160 F. App'x 447, 449 (6th Cir. 2005). A claim for ineffective assistance of counsel can establish both the cause and

prejudice requirements to excuse the failure to raise an issue on direct appeal. *See Ratliff v. United States*, 999 F.2d 1023, 1026 (6th Cir. 1993). The procedural default may be excused when counsel's performance rises to the level of ineffective assistance under the *Strickland v. Washington*, 466 U.S. 668 (1984) standard. *Barrow v. United States*, 8 F. App'x 286, 288 (6th Cir. 2001); *see Murray v. Carrier*, 477 U.S. 478, 488 (1986) ("Ineffective assistance of counsel, then, is cause for a procedural default.")

A prisoner who files motion under § 2255 is entitled to a hearing, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The statute, however, "does not require a full blown evidentiary hearing in every instance." *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993). An evidentiary hearing is not required where the moving party's allegations cannot be accepted as true "because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007). A hearing is required, however, when a defendant establishes that his claim is plausible. *See United States v. Tarricone*, 996 F.2d 1414, 1417-18 (2d Cir. 1993). When the trial judge also hears the proceedings, the judge may rely on his or her recollections of the earlier proceedings in ruling on the collateral attack. *Smith v. United States*, 346 F.3d 545, 551 (6th Cir. 2003). A district court's decision whether to hold an evidentiary hearing is reviewed for an abuse of discretion. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). Here, the Government filed an affidavit from Zavala-Quezada's trial counsel in which he attests to the issues raised in the motion. (ECF No. 104-1 "Bolger Affidavit.") Having reviewed the record, the Court finds that an evidentiary hearing is not necessary because neither the record nor the law supports Zavala-Quezada's position.

3

**DISCUSSION**

Zavala-Quezada raises and supports two issues: (1) because he has trouble understanding the English language, trial counsel was ineffective in communicating relevant facts and the plea agreement, resulting in a defective plea, and (2) trial counsel was ineffective for failing to object to the sentence enhancement for being a leader in the conspiracy, resulting in a higher sentence.[1]

A defendant asserting ineffective assistance of counsel must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012) (quoting *Strickland*, 466 U.S. at 688 and 694). "The reviewing court's scrutiny of counsel's performance is 'highly deferential;' the defendant must overcome the presumption that the challenged action might be considered sound strategy." *United States v. Henderson*, 626 F.3d 326, 335-36 (6th Cir. 2010). For the second prong, the question is whether it was "'reasonably likely' the result would have been different." *Harrington v. Richter*, 131 S.Ct. 770, 792 (2011). Under this standard, "[t]he likelihood of a different result must be substantial, not just conceivable." *Id.* (citing *Strickland*, 466 U.S. at 693). Ultimately, the question is not simply whether defense counsel was simply inadequate, but rather whether defense counsel was so thoroughly ineffective that the errors caused defeat that was "snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th

---

[1] On page 27 (PgID 222) of his brief in support, Zavala-Quezada includes twenty-one short, declarative statements purporting to identify how trial counsel was ineffective. To the extent any of these statements are supported in the brief, they are discussed herein. The rest of the assertions are unsupported, undeveloped, and will not be addressed. *See Bennett v. MIS Corp.*, 607 F.3d 1076, 1084 n.5 (6th Cir. 2010) ("'Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are waived.'" (quoting *El-Moussa v. Holder*, 596 F.3d 250, 257 (6th Cir. 2009)).

Cir. 1992) (en banc).

### A. FAILURE OF COMMUNICATION

"In a guilty plea context, 'the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Campbell v. United States*, 686 F.3d at 357 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). When a language barrier between a defendant and counsel exists, the inability for the two to communicate may render the assistance provided constitutionally ineffective. *See Gallo-Vasquez v. United States*, 402 F.3d 793, 799 (7th Cir. 2005) (citing *Granada v. United States*, 51 F.3d 82, 85 (7th Cir. 1995)).

Zavala-Quezada has not established that the communication barrier rose to a level where the assistance rendered by counsel was constitutionally ineffective. As part of its response to the motion, the Government filed a sworn affidavit submitted by Zavala-Quezada's trial counsel, Kevin Bolger. (Bolger Affidavit PgID 281-82.) Bolger attests that he speaks "adequate Spanish." (*Id.* PgID 281.) Bolger claims that he met with Zavala-Quezada at the preliminary examination and detention hearing and "was able to communicate with him until the interpreter arrived." (*Id.*) The record establishes, and Bolger supports, that an interpreter was present "for all court proceedings and pre and post court interviews."[2] (*Id.*) When Bolger met with Zavala-Quezada in jail, he brought "an attorney associate of ours, Carlos Claudio, whose first language is Spanish." (*Id.*) On these facts, no communication barrier existed.

---

[2]The minutes for each hearing where Zavala-Quezada appeared reflect that an interpreter was provided for each hearing. *See* ECF No. 10 Minutes of First Appearance PgID 11; ECF No. 17 Minutes of Preliminary Detention Hearing PgID 24; ECF No. 37 Minutes of Arraignment and Initial Pretrial Conference PgID 55; ECF No. 61 Minutes of Conference PgID 101; ECF No. 66 Minutes of Change of Plea PgID 109; ECF No. 82 Minutes of Sentencing PgID 152.

Even if Zavala-Quezada had some difficulty understanding the English language, the communication barrier would only establish the cause prong of his ineffective assistance claim. Zavala-Quezada has not demonstrated the prejudice prong of his claim. He has not identified what portion of any court proceeding he did not understand, or how a better understanding of the proceeding would have altered the outcome. Bolger avers that he reviewed the agreement with Zavala-Quezada and "he chose to plead guilty." (*Id.*) More specifically, because he pleaded guilty, Zavala-Quezada has not identified why, in the absence of a communication barrier, he would not have entered a guilty plea and would have insisted on going to trial. The record shows that an interpreter was present during the plea hearing. (ECF No. 66.) Zavala-Quezada has not established that his plea was made either unknowingly or involuntarily. *See United States v. Shults*, 68 F. App'x 648, 656-57 (6th Cir. 2003).

## B. FAILURE TO OBJECT TO THE SENTENCE ENHANCEMENT

Counsel's failure to raise a viable argument at sentencing that would reduce the defendant's sentence may constitute a deficient performance. *McPhearson v. United States*, 675 F.3d 553, 559 (6th Cir. 2012).

Contrary to Zavala-Quezada's assertions, trial counsel did object to the imposition of the leadership enhancement. In his affidavit, Bolger recalls discussing the Presentence Investigation Report ("PSR") with Zavala-Quezada. (Bolger Affidavit PgID 282.) Bolger informed Zavala-Quezada that Bolger did not agree with the leadership enhancement. (*Id.*) Bolger specifically objected to the portion of the PSR applying a two point enhancement for being a leader/organizer. (ECF No. 78-1 Defendant's Objections ¶ 3.) Bolger indicated to the Court that the only evidence supporting the leadership enhancement came from Pantoja, who provided a self-serving affidavit.

(*Id.*) The Government responded to the objection and argued in support of the leadership enhancement. (ECF No. 80 Gov't Response to Objections to PSR PgID 146-48.) At the sentencing hearing, the Government presented two witnesses, including Pantoja, who testified to facts supporting the leadership enhancement. (ECF No. 82 Minutes of Sentencing Hearing.) Counsel disputed the evidence offered, cross examined Pantoja, and explained to the Court why the leadership enhancement did not apply. Bolger recalls arguing that Lamas, who fled from this jurisdiction, and Pantoja conspired against Zavala-Quezada and used him as a scapegoat. (Bolger Affidavit PgID 282.) Ultimately, this Court found that the Government had established Zavala-Quezada's leadership role by a preponderance of the evidence. *See United States v. Fredell*, 79 F. App'x 799, 811 (6th Cir. 2003) ("In order for a district court to enhance a sentence, proof in support of the enhancement must meet the preponderance of the evidence standard." (citing *United States v. Robison*, 904 F.2d 365, 371 (6th Cir. 1990)).

     Zavala-Quezada's other arguments on this point are also contradicted by the record. Zavala-Quezada argues that he informed counsel that the actual leaders of the conspiracy had threatened Zavala-Quezada's family if he were to tell the Government what was really happening. Zavala-Quezada contends counsel advised him that any allegations against the other defendants would only serve to further incriminate him. Bolger recalls that Zavala-Quezada was concerned for his family's safety. (Bolger Affidavit PgID 281.) Bolger also recalls encouraging his client to come forward and tell the truth, and that the Government would take measures to protect his family. (*Id.*) Bolger recalls explaining that Zavala-Quezada would likely not have to testify in order to get the Safety Valve proffer. (*Id.*) According to Bolger, Zavala-Quezada simply refused to come forward and cooperate. (*Id.* PgID 282.)

Zavala-Quezada has not demonstrated prejudice from the alleged failure of counsel. Zavala-Quezada claims he could not be a leader; he is a dry-wall contractor with limited education living in someone else's house. He insists he only packaged the contraband and watched over the contraband for the real leaders. The record includes direct and inferential evidence to the contrary. Drug ledgers and money were found in his bedroom (PSR ¶ 23), suggesting that he did more than simply bundle the contraband and look after it for someone else. In addition, Pantoja informed officers that he was paid to transport the loads of marijuana by Zavala-Quezada. (PSR ¶ 16.)

Finally, the argument that counsel was ineffective at sentencing for failing to challenge the leadership enhancement was waived when Zavala-Quezada did not file any appeal. As part of his plea agreement, Zavala-Quezada "knowingly waives his right to appeal his conviction and any sentence that is within or below the guideline range or the statutory mandatory minimum, whichever is greater." (Plea Agreement ¶ 9.) The agreement did allow him to appeal on the "grounds, preserved at sentencing, that the Court incorrectly determined the guideline range." (*Id.*) In addition, Zavala-Quezada "also waives his right to challenge his conviction and sentence and the manner in which his sentence was determined in any collateral attack." (*Id.*) As is apparent from the earlier discussion, counsel raised this issue at sentencing, and thus preserved the objection for appeal. Under the terms of the plea agreement, the leadership enhancement issue could have been raised in an appeal, but was not. Even if he could show both cause and prejudice, Zavala-Quezada could not prevail on this argument.

## CERTIFICATE OF APPEALABILITY

A district court must issue a certificate of appealability either at the time the petition for writ of habeas corpus is denied or upon the filing of a notice of appeal. *Castro v. United States*, 310 F.3d

900, 903 (6th Cir. 2002) (per curiam). A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). To satisfy this standard, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)). Courts should undertake an individualized determination of each claim presented by the petitioner when considering whether to issue a certificate of appealability. *Murphy v. Ohio*, 551 F.3d 485, 492 (6th Cir. 2009).

This Court has reviewed the record for the purpose of considering whether to issue a certificate of appealability. Based on the record in this matter, as well as relevant case law, reasonable jurists would not disagree with the resolution of the issues. The record establishes that an interpreter was provided at each hearing in this action. In addition, trial counsel spoke adequate Spanish and trial counsel brought a native Spanish speaker with him when meeting with his client. Furthermore, Zavala-Quezada has not identified any portion of the proceedings that he did not understand. The sentencing issue was waived when Zavala-Quezada did not file an appeal. Even if the issue was not waived, the enhancement issue was raised by trial counsel. Reasonable jurists would not disagree that by raising the issue, trial counsel could not be found constitutionally ineffective.

## CONCLUSION

Zavala-Quezada is not entitled to the relief he seeks. He has not established that there was any communication barrier that resulted in constitutionally ineffective assistance. Neither has he

established that counsel's performance at sentencing was constitutionally deficient. Counsel raised the very argument on which he bases his collateral attack.

## ORDER

Zavala-Quezada's motion to vacate, set aside, or correct sentence (ECF No. 92) is **DENIED.** A certificate of appealability is also **DENIED. IT IS SO ORDERED.**

Date: October 30, 2012                                 /s/ Paul L. Maloney
                                                                   Paul L. Maloney
                                                                   Chief United States District Judge